■ RHINEBECK ASSOCIATES, L.P., Appellant, v MARINE MID-LAND BANK, Respondent. [653 NYS2d 110] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 19, 1995, which granted defendant lender's motion for summary judgment dismissing plaintiff borrower's complaint, unanimously affirmed, without costs.

Satisfaction of plaintiff's warranty under article II (para [13]) of the subject building loan agreement that it would "not require and will not avail itself of any additional extension of credit" beyond the stipulated $9.8 million loan cap, was a condition precedent to defendant's obligation to advance funds under article I, and failure to abide by all warranties and representations constituted a "default event" under article IV. Furthermore, under article VII (para [5]), defendant was entitled to "independently * * * establish to its satisfaction and in its absolute discretion" whether plaintiff was in need of funding beyond the $9.8 million cap. Whatever the exact meaning of this last clause, plaintiff's request for an additional letter of credit guaranteeing the sewer plant expansion, and the budgetary information provided by plaintiff in or around April 1990, were each more than adequate to give defendant reason to believe that the project had exceeded the $9.8 million cap, and that a "default event" had thus occurred. Plaintiff's statement in opposition to the motion that it was willing to proceed under the original budget and could finance any shortfalls itself was unsupported by any evidence of such ability, and utterly at odds with its previous admissions to defendant that the project was running 4.4% over budget and required an increase in the loan cap to $11.3 million. Had plaintiff the wherewithal it now claims, it should have posted the letter of credit or put up the money to make up the admitted shortfalls within the 30 days allowed under the building loan agreement to cure defaults. Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.